UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br>Plaintiff,<br>v.<br>WEST COUNTY DETENTION FACILITY (WCDF),<br>Defendant. | Case No. 26-cv-10146-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Eric Murillo, a detainee at West County Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **November 13, 2026**. Failure to file a proper amended complaint by November 13, 2026, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows: On August 17, 2026, $1.75 was taken from his inmate trust account at 12:15 a.m. and again at 1:27 a.m. (Dkt. No. 1 at 2.) Jail officials take detainees' electronic tablets at night and turn them off, so Plaintiff could not have made any transactions. (*Id.*) Plaintiff believes the money was deducted from his account due to an error. (*Id*. at 2-3.) On August 24, 2026, $7.00 was taken from his account during the day. (*Id*. at 3.) Plaintiff's family contacted the third-party tablet company that contracts with the jail, who stated they were not responsible for the money being removed and it was because of the jail. (*Id.*) Plaintiff submitted multiple grievances to jail officials who stated that staff are not involved with debits from tablet accounts and he must contact the third-party company. (*Id.*)

**C. Analysis**

An inmate has a protected property interest in his prison trust account funds. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). But neither the negligent nor intentional deprivation

of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide, a meaningful hearing prior to deprivation, a statutory provision for a post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

While the loss of the money is a valid concern, Plaintiff's allegations fail to state a federal claim. Plaintiff's allegations demonstrate that either staff at the jail or the third-party company may possibly have been negligent, which led to the loss of the money. But this does not present a constitutional violation. While inmates have a right to procedural protections in relation to the withdrawal of the funds, *Quick,* 754 F.2d at 1523, the process due to inmates for removal of funds from inmate accounts is minimal. *See Gardner v. Wilson*, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997) (finding that due process requires no more than notice and a post-deprivation grievance process); *Torres v. Brown,* 2016 WL 524804, at *3 (E.D. Cal. 2016) (the fraudulent removal of funds from inmate's account did not state a claim where plaintiff was provided notice and a post-deprivation grievance process).

Here, it appears that Plaintiff was aware that money could be deposited into his account and removed through the electronic tablet, he received notice that funds were taken from his account, and he was able to use the jail grievance process to seek relief. While he could not obtain relief from the jail, he can seek relief through the post-deprivation remedy provided by state law. The complaint is dismissed with leave to amend to attempt to present a federal claim. Plaintiff is also encouraged to seek relief using the appropriate state procedures.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 13, 2026**. The amended complaint must include the caption and civil case number used in this order (26-10146 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 9, 2026

RITA F. LIN
United States District Judge